# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>DENNY WILLIAM EDLIN,<br><br>                           Defendant. | Case No. 05cr836-MMA<br><br>**ORDER RE: DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION**<br><br>[Doc. No. 38] |

On June 19, 2006, Defendant Denny William Edlin pleaded guilty to Counts 9-15 of a nineteen count Indictment for receiving child pornography in violation of Title 18 of the United States Code, section 2252(a)(2). *See* Doc. No. 13. The Court sentenced Defendant to a total term of 137 months imprisonment, to run consecutive to a state court sentence. *See* Doc. No. 24. According to the Federal Bureau of Prisons Inmate Locator, Defendant is set to be released from the Bureau's custody on September 2, 2021.[1] Defendant, proceeding *pro se*, now moves this Court for a recommendation to the Director of the Bureau of Prisons that Defendant be housed in a Residential Reentry Center for a term of six months preceding the end of his sentence. *See* Doc. No. 38. For the reasons set forth below, the Court **DENIES** Defendant's motion without prejudice.

---

[1] *Information available online at* https://www.bop.gov/inmateloc/, *last accessed 01/07/2020.*

It is incumbent on the Director of the Bureau of Prisons to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). This may include transfer to a "community correctional facility," *id.*, often referred to as either a Residential Reentry Center ("RRC") or halfway house. The decision to transfer an inmate to an RRC during the final months of imprisonment lies within the sound discretion of the Bureau of Prisons. *See Rodriguez v. Smith*, 541 F.3d 1180, 1184-88 (9th Cir. 2008). Although sentencing courts lack the authority to designate a defendant's place of imprisonment, a district court may recommend "a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). An RRC is a qualifying facility.

The Ninth Circuit has indicated that district courts have "the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time—including but not limited to—during the sentencing colloquy." *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011). However, the Court finds it inappropriate to exercise that authority at this time. Although Defendant has articulated factors favoring his request, he has not provided supporting documentation of his accomplishments during his term of incarceration. In addition, the Court finds Defendant's request premature in light of his current anticipated release date of September 2, 2021. Defendant is not yet statutorily eligible for the relief he seeks.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion without prejudice. **IT IS SO ORDERED**.

DATE: January 9, 2020

_Michael M. Anello_
HON. MICHAEL M. ANELLO
United States District Judge