# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>DENNY WILLIAM EDLIN,<br><br>                                    Defendant. | Case No. 05cr836-MMA<br><br>**ORDER RE: DEFENDANT'S MOTION FOR JUDICIAL RECOMMENDATION**<br><br>[Doc. No. 42] |

On June 19, 2006, Defendant Denny William Edlin pleaded guilty to Counts 9-15 of a nineteen count Indictment for receiving child pornography in violation of Title 18 of the United States Code, section 2252(a)(2). *See* Doc. No. 13. The Court sentenced Defendant to a total term of 137 months imprisonment, to run consecutive to a state court sentence. *See* Doc. No. 24. According to the Federal Bureau of Prisons Inmate Locator, Defendant is set to be released from the Bureau's custody on September 2, 2021.[1] Defendant, proceeding *pro se*, previously moved this Court for a recommendation to the Director of the Bureau of Prisons that Defendant be housed in a Residential Reentry Center for a term of six months preceding the end of his sentence.

---

[1] *Information available online at* https://www.bop.gov/inmateloc/ (last accessed 05/11/2020).

*See* Doc. No. 38.  The Court denied the motion without prejudice due in part to the lack of supporting documentation of Defendant's accomplishments during his term of incarceration.  *See* Doc. No. 39.  Defendant now submits such documentation and moves the Court for reconsideration.  *See* Doc. No. 42.  For the reasons set forth below, the Court **GRANTS** Defendant's motion.

## DISCUSSION

It is incumbent on the Director of the Bureau of Prisons to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."  18 U.S.C. § 3624(c)(1).  This may include transfer to a "community correctional facility," *id*., often referred to as either a Residential Reentry Center ("RRC") or halfway house.  The decision to transfer an inmate to an RRC during the final months of imprisonment lies within the sound discretion of the Bureau of Prisons.  *See Rodriguez v. Smith*, 541 F.3d 1180, 1184-88 (9th Cir. 2008).  Although sentencing courts lack the authority to designate a defendant's place of imprisonment, a district court may recommend "a type of penal or correctional facility as appropriate."  18 U.S.C. § 3621(b)(4)(B).  An RRC is a qualifying facility.

The Court finds it appropriate to exercise that authority at this time, for several reasons.  First, the Court finds Defendant's request timely based on his anticipated release date.  Defendant will be statutorily eligible for transfer to an RRC in the coming months.  Second, Defendant has eloquently presented the factors favoring his request, and has provided supporting documentation of his accomplishments during his term of incarceration.  Defendant's educational accomplishments are particularly impressive.  Finally, while Congress invested the Bureau of Prisons with sole authority over the placement of federal inmates, it also recognized that sentencing courts would be in a unique position to make well-supported recommendations regarding placement at the end of a defendant's term of incarceration.  This is one such occasion.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion and **RECOMMENDS** to the Director of the Bureau of Prisons that Defendant be placed in an RRC during the last 12 months of his term of incarceration.

**IT IS SO ORDERED**.

DATE: May 11, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge