# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DENNY WILLIAM EDLIN,<br><br>　　　　　　　　　　　　Defendant. | Case No. 05cr836-MMA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELASE; AND**<br><br>[Doc. Nos. 77]<br><br>**GRANTING IN PART DEFENDANT'S MOTIONS FOR JUDICIAL RECOMMENDATION**<br><br>[Doc. Nos. 74, 79, 82] |

Pending before the Court are four motions filed by Defendant Denny William Edlin, proceeding *pro se*: one seeking compassionate release and a corresponding reduction in sentence, Doc. No. 77, and three seeking a judicial recommendation that he serve the remaining four months of his term of imprisonment in home confinement or at a Residential Reentry Center ("RRC"), Doc. Nos. 74, 79, 82. The Court finds these matters suitable for disposition without a response from the government. For the reasons set forth below, the Court **DENIES** Defendant's motion for compassionate release and **GRANTS IN PART** his motions for judicial recommendation.

1

05cr836-MMA

# I. Background

On June 19, 2006, Defendant Denny William Edlin pleaded guilty to Counts 9-15 of a nineteen-count Indictment charging him with receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). *See* Doc. No. 13. The Court sentenced Defendant to a total term of imprisonment of one hundred thirty-seven (137) months, followed by a total fifteen (15) years of supervised release. Doc. No. 24. On or around September 2, 2021, Defendant was released from custody and began serving his term of supervision.

In 2024, the Court found Defendant in violation of the terms of his supervision and revoked his supervised release. Doc. No. 73. Namely, the Court found—based upon Defendant's admission—that Defendant had failed to attend his sex offender treatment on four occasions between April and May 2024, was unsuccessfully terminated from his sex offender treatment program in June 2024, and entered a gambling establishment in March 2024. Doc. No. 73. On September 26, 2024, the Court sentenced Defendant to 8 months in custody followed by a total 3-year term of supervised release. *Id.*

On October 15, 2024, Defendant filed a motion seeking a judicial recommendation that he be placed in home confinement or at an RRC for the final four months of his eight-month custodial term. Doc. No. 74 ("First Judicial Recommendation Motion"). On October 24, 2024, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Doc. No. 77 ("Compassionate Release Motion"). One week later, on October 31, 2024, Defendant filed a second motion seeking a judicial recommendation, requesting the same relief as his First Judicial Recommendation Motion. Doc. No. 79 ("Second Judicial Recommendation Motion"). On November 1, 2024, the Court referred Defendant's Compassionate Release Motion to Federal Defenders for review pursuant to General Order 692-B. Doc. No. 81. On November 6, 2024, Defendant filed a third motion for judicial recommendation, styled as a "First Amended" motion, seeking the same relief as his First and Second Judicial Recommendation Motions. Doc. No. 82 ("Third Judicial Recommendation Motion"). On that same date, Federal Defenders filed a status report indicating that the Court can

decide the Compassionate Release Motion on the records and without further assistance of counsel.  Doc. No. 83.

## II. Compassionate Release

In 1984, Congress authorized courts to reduce a federal inmate's term of imprisonment under the criteria set forth in 18 U.S.C. § 3582(c)(1)(A) as part of the Comprehensive Crime Control Act.  Under its original terms, only the Director of the Bureau of Prisons was authorized to file such a motion pursuant to section 3582(c)(1)(A). The First Step Act went into effect on December 21, 2018.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  Section 603(b) of the First Step Act modified section 3582(c)(1)(A), which now provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; []
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

Therefore, although defendants may now file motions to reduce sentence on their own behalf, courts have jurisdiction over defendant-filed sentence reduction motions only if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring [such] a motion on [their] behalf"; or (2) "the lapse of 30

days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). Here, Defendant does not indicate whether he has exhausted his administrative remedies by first requesting relief from the Bureau of Prisons. Absent a demonstration by Defendant that he has, the Court lacks the authority to address the merits of his motion or grant him the relief he seeks. Accordingly, the Court **DENIES** Defendant's motion for compassionate release.

Peripherally, Defendant also requests in his Compassionate Release Motion that the Court transfer his impending supervision from the Southern District of California to the Eastern District of California. Title 18 of the United States Code, section 3605 provides that the Court, "after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court." 18 U.S.C. § 3605. Here, Defendant is still in custody and has not yet begun his post-revocation term of supervision, and so he his not a "person on supervised release." *Id.* Moreover, because Defendant is not yet under supervision, the Eastern District of California has neither been asked to concur nor has it offered its concurrence in the transfer of jurisdiction. Accordingly, the Court finds that Defendant's request is premature.

### III. JUDICIAL RECOMMENDATION

Defendant asks the Court for a judicial recommendation of home confinement or placement at an RRC for the final four months of his eight-month custodial sentence. It is incumbent on the Director of the Bureau of Prisons to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). This may include transfer to a "community correctional facility," *id.*, often referred to as either an RRC or halfway house. The decision to transfer an inmate to an

RRC during the final months of imprisonment lies within the sound discretion of the Bureau of Prisons.  *See Rodriguez v. Smith*, 541 F.3d 1180, 1184–88 (9th Cir. 2008).  Although sentencing courts lack the authority to designate a defendant's place of imprisonment, a district court may recommend "a type of penal or correctional facility as appropriate."  18 U.S.C. § 3621(b)(4)(B).  An RRC is a qualifying facility.

This Court's regular practice is to make recommendations to the Director of the Bureau of Prisons regarding a defendant's placement, if any, at the time of sentencing.  The Court then includes the recommendation in the judgment of conviction.  For example, in this case the Court recommended at the time of sentencing on the underlying criminal charges that Defendant be placed in a Residential Drug Abuse Program and housed at the Federal Medical Center Butner.  Doc. No. 24 at 2.  And as to Defendant's current sentence, the Court recommended that he be placed at a facility in the Central District of California.  Doc. No. 73 at 2.  Nevertheless, the Ninth Circuit has indicated that district courts have "the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time—including but not limited to— during the sentencing colloquy."  *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011).

Here, the Court finds that Defendant's request is timely as he is already statutorily eligible for transfer to an RRC.  18 U.S.C. § 3624(c)(1).  Moreover, Defendant has presented circumstances that weigh in favor of granting his request.  In the First Judicial Recommendation Motion, he explains that he was in the process of remodeling his "mountain home" when he was arrested and is now facing litigation and a warehouseman's lien due to unpaid fees and other expenses.  Doc. No. 74 at 2.  Defendant also offers in the Second Judicial Recommendation Motion that his parents are in need of assistance.  Doc. No. 79 at 2.  He explains that his mother has dementia and other medical conditions that require daily supervision and assistance, and that his father has recently been diagnosed with terminal cancer and will also now need assistance.  *Id*.  The Court notes that the two individuals identified are not, according to the record,

Defendant's parents.[1]  Instead, as Defendant explains in his Compassionate Release Motion, he and these individuals have shared a relationship akin to a parent-child relationship since 2008.  Doc. No. 77 at 2.  In any event, Defendant contends that these individuals have no other family to care for them and that he feels a responsibility and desire to do so.  Doc. No. 82.

Based upon the circumstances Defendant sets forth in his motions, the Court finds that a recommendation to the Bureau of Prisons that Defendant be placed at an RRC is appropriate.  To that extent, the Court **GRANTS** Defendant's motion.  However, the Court defers to the Bureau of Prisons' determination as to the appropriate period of months.  The Court offers no opinion as to whether placement in home confinement for some period of time during his final months of imprisonment might be appropriate and declines to make such a recommendation at this time.[2]

### IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Compassionate Release Motion and **GRANTS IN PART** Defendant's Judicial Recommendation Motions.  The Court **RECOMMENDS** to the Director of the Bureau of Prisons that Defendant be placed in an RRC for some period of months during the remainder of his term of incarceration.

**IT IS SO ORDERED**.

Dated:  November 20, 2024

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] A sentencing memorandum filed by Defendant's counsel under seal in 2006 identifies two other individuals as Defendant's parents.

[2] It appears that Defendant is not statutorily eligible for transfer to home confinement as the requested four months is greater than 10 percent of Defendant's 8-month term of imprisonment.  18 U.S.C. § 3624(c)(2).